933 F.2d 1001
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ann KUZMANICH, Widow of Clarence Robinette, deceased, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 90-3095.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1991.
Decided May 22, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board.
 John Jeffrey Ross, Severna Park, Md. (Argued) for petitioner; Thomas E. Johnson, Leslie Ann Jones, Johnson, Schaaf, Jones & Snelling, Chicago, Ill., on brief.
 Marta Kusic, Office of the Solicitor, United States Department of Labor, Washington, D.C. (Argued), for respondent; Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Barbara J. Johnson, Counsel for Appellate Litigation, Office of the Solicitor, United States Department of Labor, Washington, D.C., on brief.
 Ben Rev Bd
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The genesis of this case was the 1973 filing by Clarence Robinette, Ann Kuzmanich's former husband, for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-45. The Department of Labor administratively denied his claim in 1976, and Robinette did not pursue it. The Department of Labor later automatically reopened the claim as required by 30 U.S.C. Sec. 945(b)(1) and again administratively denied the claim in 1979. Again, Robinette did not pursue it. Because the evidence is sufficient to sustain the finding that Robinette abandoned his claim, we affirm the Benefits Review Board's denial of benefits.
 
 
 2
 Kuzmanich filed a derivative and survivor's claim shortly after Robinette's death in 1983. The Office of Workers' Compensation Programs denied benefits, and Kuzmanich requested a hearing. At the hearing before the administrative law judge, Kuzmanich testified that Robinette called the Department of Labor after receiving the 1979 letter and received information that it was no use to proceed any further. The only evidence of this conversation or Robinette's understanding is Kuzmanich's somewhat contradictory testimony. At times she testified that she thought there was nothing more that Robinette could do to pursue his claim; at other times she testified that she thought about procuring additional evidence to present in support of the claim, but Robinette would not take off time from work to be examined. Kuzmanich also relied on the expert opinion of Dr. Judith N. Levi and a deposition of Dr. Levi from a previous case. Dr. Levi, an associate professor of linguistics, stated that there is a "very high" risk that recipients of the CM-1000 denial letter would not understand their legal rights. Based on Dr. Levi's opinion, Kuzmanich contends the denial notice was insufficient to satisfy the due process clause.
 
 
 3
 The ALJ found that Robinette was aware of his right to present additional evidence and obtain further consideration of his claim after it was denied in 1979, but he failed to do so. The ALJ also found that the Department of Labor did not mislead Robinette. The ALJ followed the Benefits Review Board's decision in Stephens v. Director, Office of Workers' Compensation Programs, 9 B.L.R. 1-227 (1987), which held the CM-1000 is constitutionally adequate, noting that Dr. Levi's opinion was unpersuasive and irrelevant. 9 B.L.R. at 1-229. The ALJ found that Robinette had abandoned his claim because he did not pursue it after receiving constitutionally adequate notice of his right to submit additional evidence or to request a hearing. Consequently, Kuzmanich's derivative claim was barred. The ALJ denied the survivor's claim on the merits. The Board affirmed the ALJ's decision.
 
 
 4
 Kuzmanich appeals the Board's denial of benefits, reiterating that the CM-1000 denial letter was so inadequate that it violated the due process clause. Kuzmanich also asks that we remand the case for reconsideration of the abandonment issue and the request to reopen the claim. Finally Kuzmanich argues that during the 1979 telephone conversation the Department of Labor made misrepresentations that estop it from refusing to reopen the claim. Kuzmanich abandoned her survivor's claim at the Board level and therefore only her derivative claim is before us on appeal.
 
 
 5
 We affirm the denial of benefits for the reasons stated in the Board's opinion. We agree with the two other circuits upholding the constitutionality of the same CM-1000 denial letter in question here. See Jordan v. Director, Office of Workers' Compensation Programs, 892 F.2d 482, 488-89 (6th Cir.1989); Jordan v. Benefits Review Board, 876 F.2d 1455, 1459-60 (11th Cir.1989).
 
 
 6
 AFFIRMED.